Mary Jo O'Neill, AZ Bar No. 005924
James P. Driscoll-MacEachron, AZ Bar No. 027828
Michael Baskind, AZ  Bar No. 030810
**EQUAL EMPLOYMENT OPPORTUNITY**
**COMMISSION, Phoenix District Office**
3300 North Central Ave., Suite 690
Telephone: (602) 535-0412
Fax: (602) 640-5071
Email:james.driscoll-maceachron@eeoc.gov
        michael.baskind@eeoc.gov


Attorneys for Plaintiff
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission,<br><br>             Plaintiff,<br><br>     vs.<br><br>Northern Arizona Orthopedics LTD.<br><br><br>             Defendant. | **CIVIL ACTION NO.**<br><br>**COMPLAINT** |

## NATURE OF THE ACTION

This is an action brought under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, male, and retaliation, and to provide appropriate relief for Charging Party Mike Anda and other aggrieved individuals. As alleged with greater particularity in the paragraphs below, Defendant Northern Arizona Orthopedics LTD ("NAO") did not hire

Anda and other qualified male applicants because of their sex and retaliated against Anda for complaining about the discrimination. Anda and other aggrieved individuals were not hired for at least the August 2016 Medical Assistant ("MA") and June 22, 2017, Durable Medical Equipment ("DME") Coordinator positions because of their sex. NAO selected less qualified female applicants for both positions.  After not receiving the MA position, Anda complained to NAO that he was not hired because he was a man. In response, NAO instructed Anda to not reach out to NAO in the future and did not hire him when he subsequently applied.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to § 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII") and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.    The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona, which is where venue lies.

## PARTIES

3.    The Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.    At all relevant times, NAO has been headquartered in the State of Arizona, has continuously been doing business in the State of Arizona, and has continuously had at least 15 employees.

5. At all relevant times, NAO has been an employer continuously engaged in an industry affecting commerce under §§ 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

**ADMINISTRATIVE PROCEDURES**

6.    More than thirty days prior to the institution of this lawsuit, Anda filed a charge with the Commission alleging NAO violated Title VII.

7.    The Commission provided NAO with notice of the charge of discrimination.

8.    On May 21, 2019, the Commission issued to NAO a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting NAO to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

9.    The Commission provided NAO with an opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.  The Commission was unable to secure a conciliation agreement acceptable to the Commission from NAO.

11.  On August 22, 2019, the Commission issued a Notice of Failure of Conciliation to NAO.

12.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF FACTS

13.  On August 22, 2016, Anda applied for NAO's MA position.

14.  For the MA position, NAO required a high school diploma and preferred candidates with a medical assistant certification.

15.  Anda had a master's degree and was a certified medical assistant.

16.  NAO's Executive Director, Joianne Meyers, determined that Anda was qualified for the MA position.

17.  Meyers felt it was rare to get a candidate for the MA position with a medical assistant certification.

18.  On August 24, 2016, Anda interviewed with Meyers for the MA position and shadowed other NAO MA employees for roughly an hour.

19.  Despite Anda's qualifications, NAO did not hire him for the MA position.

20.  On September 2, 2016, Meyers sent Anda an e-mail informing him that he was not selected for the MA position.

21.  After deciding not to hire Mr. Anda, NAO promoted Alyssa Gorce to the MA position.

22.  Gorce had a bachelor's degree and she was not a certified medical assistant.

23.  Meyers decided not to hire Anda before deciding to promote Gorce.

24.  Other men applied for and were passed up for the MA position despite being more qualified than Gorce.

25.  In or around September 6, 2016, after not being hired for the MA position, Anda complained to Meyers that he felt he was not hired for the position because he was a man.

26.  On March 28, 2017, Anda emailed Meyers to inquire into whether NAO had any full-time positions available.

27.  On March 29, 2017, Meyers responded to Anda in writing by telling him, "in your previous correspondence to me, you accused me of having a gender bias in my hiring practices. . . . Major tenets of NAO's culture are accountability and respect. I would appreciate you no longer reaching out to our practice."

28.  Because of Meyers's response, Anda did not apply for NAO's open Medical Appointment Scheduler, Certified Medical Assistant, Navigator/Registration in Contact Center, Patient Registration Clerk, and Surgery Scheduler positions.

29.  Anda did not apply for the positions identified in Paragraph 28 because he thought Meyers was the hiring official for them.

30.  On July 24, 2017, Anda applied for the DME Coordinator position at NAO.

31.  Anda applied for the DME Coordinator position because he thought Meyers was not the hiring official for the position.

32.  NAO's HR Manager, Rebecca Wilson, was the hiring official for the DME Coordinator position.

33.  Wilson was aware that Anda made a complaint of gender discrimination prior to his application for the DME Coordinator position.

34.  NAO's job description for the DME Coordinator position states that NAO was looking for a candidate with "experience working in [a] healthcare environment," and preferred someone with "formal education in healthcare."

35.  Anda has a bachelor's degree in health sciences and a master's degree in education from Northern Arizona University.

36.  Anda also had experience working as a medical assistant for two different employers.

37.  NAO did not interview Anda for the DME Coordinator position.

38.  NAO did not hire Anda for the DME Coordinator position.

39.  NAO selected Jade Yost, a female applicant, for the DME Coordinator position.

40.  Yost's highest level of education was an associate degree in a non-healthcare field.

41.  Yost had no prior healthcare work experience.

42.  Yost had worked internally with NAO in a clerical position since July 11, 2017, approximately two weeks prior to Anda's application. Prior to that, her highest professional experience was working as a shelf stocker at Target.

43.  Other men applied for the DME Coordinator position that was open in or around July 2017 and were not hired despite being more qualified than Yost.

44.  Upon information and belief, since at least January 11, 2017, NAO has hired women instead of qualified men for other positions.

## STATEMENT OF CLAIMS

### Count I:
### Failure to Hire
### 42 U.S.C. § 2000e-2(a)

45.  The allegations in the foregoing paragraphs are incorporated by reference.

46.  NAO failed to hire Anda and other aggrieved male applicants because of their sex, male, in violation of § 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a).

47.  Anda and other aggrieved male applicants applied for open positions, including the MA position and the DME Coordinator position.

48.  Anda and other aggrieved male applicants were qualified for the open positions they applied for, including the MA position and the DME Coordinator position.

49.  Anda and other aggrieved male applicants were not selected for the open positions they applied for, including the MA position and the DME Coordinator position.

50.  After not selecting Anda and other aggrieved male applicants, NAO continued to search for candidates, ultimately hiring less qualified women for the positions.

51.  The effect of the practices complained of in the foregoing paragraphs above has been to deprive Anda and other aggrieved male applicants of equal employment opportunities.

52.  The unlawful employment practices complained of in the aforementioned paragraphs were intentional.

53.  The unlawful employment practices complained of in the aforementioned paragraphs above were done with malice or with reckless indifference to the federally protected rights of Anda and other aggrieved male applicants.

## Count II:

### Retaliation
### 42 U.S.C. § 2000e-3(a)

54.  The allegations in the foregoing paragraphs are incorporated by reference.

55.  NAO engaged in unlawful employment practices in violation of § 704 of Title VII, 42 U.S.C. § 2000e-3, by retaliating against Anda for his opposition to NAO's unlawful employment practices.

56.  Anda complained to NAO at least on or around September 6, 2016, that he believed that he was not hired for the MA position because he was a man.

57.  On March 29, 2017, in response to Anda's e-mail inquiring into employment opportunities at NAO, Meyers told Anda not to apply for future NAO positions.

58.  Anda did not apply for the NAO's open Medical Appointment Scheduler, Certified Medical Assistant, Navigator/Registration in Contact Center, Patient Registration Clerk, and Surgery Scheduler positions because of Meyers e-mail telling him not to apply for future positions at NAO.

59.  The decisionmaker or decisionmakers responsible for hiring for the DME Coordinator position were aware of Anda's complaint about sex discrimination prior to Anda's application.

60. Anda was not selected for the DME Coordinator position because of his complaint of sex discrimination.

61. The effect of the practices complained of in the foregoing paragraphs above has been to deprive Anda of equal employment opportunities because of his opposition to the unlawful employment practices described above.

62. The unlawful employment practices complained of in the aforementioned paragraphs were intentional.

63. The unlawful employment practices complained of in the aforementioned paragraphs above were done with malice or with reckless indifference to the federally protected rights of Anda.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully prays that this Court:

A.   Grant a permanent injunction enjoining NAO, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from engaging in any employment practice that discriminates on the basis of sex.

B.   Grant a permanent injunction enjoining NAO, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it from retaliating against any person engaging in activities protected by Title VII.

C.   Order NAO to institute and carry out policies, practices, and programs that provide equal employment opportunities for all persons regardless of sex and which eradicate the effects of its past and present unlawful employment practices.

D.   Order NAO to make Mike Anda and other aggrieved male applicants whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement and/or front pay.

E.   Order NAO to make Mike Anda and other aggrieved male applicants whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F.   Order NAO to make Mike Anda and other aggrieved male applicants whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including emotional pain, suffering, inconvenience, and humiliation, in amounts to be determined at trial.

G.   Order NAO to pay punitive damages to Mike Anda and other aggrieved male applicants for its intentional, malicious and reckless conduct, as described above, in amounts to be determined at trial.

H.   Grant to the Commission such further relief as the Court deems necessary and proper in the public interest.

I.   Award the Commission its taxable and recoverable costs of this action.


RESPECTFULLY SUBMITTED: September 4, 2019.


SHARON FAST GUSTAFSON
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
131 M Street NE, 5th Floor
Washington, DC 20507-0004

MARY JO O'NEILL
Regional Attorney

JAMES DRISCOLL-MACEACHRON
Supervising Trial Attorney

/s/ Michael Baskind
Michael Baskind
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona
85012

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28