**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Equal Employment Opportunity Commission, | ) | No. CV19-8259-PCT DGC |
| Plaintiff, | ) | |
| | ) | **CONSENT DECREE** |
| vs. | ) | |
| Northern Arizona Orthopedic, LTD, | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.  RECITALS

1.      This matter was instituted by Plaintiff, Equal Employment Opportunity Commission, an agency of the United States government, alleging that Defendant Northern Arizona Orthopedics LTD. violated Title VII of the Civil Rights Act of 1964 by refusing to hire Mike Anda and other aggrieved individuals because of their gender and by retaliating against Anda in response to his complaint of gender discrimination.

2.      The EEOC and NAO, desiring to settle this action by an appropriate Decree, agree to the jurisdiction of this Court over the Parties to the Decree and the subject matter of this action, and agree to the power of this Court to enter a Consent Decree enforceable

against NAO. Nothing contained in this Decree shall be construed as an admission of liability on the part of NAO, which expressly and unequivocally denies that it engaged in unlawful discrimination or retaliation on the basis of sex in violation of Title VII.

3.     This Decree is final and binding upon the Parties to the Decree and their successors and assigns.  As to the issues resolved, the EEOC and NAO jointly request this Court to adjudge as follows:

THEREFORE, upon the consent of the Parties to the Decree, and upon review by the Court of these terms, it is ORDERED, ADJUDGED, and DECREED that the following terms are approved as set forth herein:

## II.  JURISDICTION

4.     The EEOC and NAO stipulate to the jurisdiction of the Court over the Parties to the Decree and subject matter of this action and have waived the entry of findings of fact and conclusions of law.

## III.  TERM AND SCOPE

5.     **Term:**  The Term of this Decree and all obligations hereunder shall be four (4) years from the date that the Court signs this Decree.  During the term of the Decree, this Court shall retain jurisdiction for purposes of compliance and any disputes that may arise hereunder.

## IV.  ISSUES RESOLVED

6.     This Decree resolves the claims alleged in the above-captioned lawsuit and constitutes a complete resolution of all of the Commission's claims of unlawful employment practices under Title VII that arise from the EEOC's Letter of Determination

issued to NAO concerning Anda's Charge of Discrimination Number 540-2017-02837.

7.     The terms of this Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of NAO.  During the term of this Decree, NAO and any successors of NAO shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with NAO during the term of this Decree or to any successor of NAO, prior to the effectiveness of any such asset sale, acquisition, or merger.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding any violation of this Decree.

## V.     MONETARY RELIEF

8.     Judgment is hereby entered in favor of the Commission in the amount of $165,000.

9.     NAO will not condition the receipt of monetary relief upon any of the aggrieved individuals' agreement to (a) maintain as confidential the facts and/or allegations underlying the complaint and the terms of this Decree; (b) waive his statutory rights to file a charge with any governmental agency; (c) refrain from reapplying for a job with NAO; or (d) agree to a non-disparagement and/or confidentiality agreement.

10.    Within three (3) business days of the entry of the Decree, the EEOC will provide NAO with the following information for the aggrieved individuals, including Anda, to be paid under the Consent Decree: (a) the name of the individual; (b) the address of the individual; (c) the amount to be paid to the individual; (d) how that amount is to be apportioned between backpay and compensatory damages; (e) an attached release in the

form of Attachment A; and (f) a W-4 for Mr. Anda.

11.     No later than five (5) business days after the EEOC provides NAO with the list of aggrieved individuals pursuant to Paragraph 10, NAO shall pay the aggrieved individuals the amounts indicated in the provided list. All payments must be made by certified check, cashier's check, or money order.

12.     NAO shall be responsible for paying the employer share of payroll taxes for backpay and withholding the employee share of payroll taxes for backpay. By January 31, 2020, NAO shall issue Anda and the aggrieved individuals a United States Internal Revenue Service Form W-2 for all payments designated as backpay and United States Internal Revenue Service Form 1099 for all payments designated as compensatory damages. The amount for compensatory damages shall be placed in Box 3 of the 1099.

13.     Within five (5) business days after the payments are sent, NAO shall submit confirmation of the payments issued to the EEOC.

14.     If the EEOC informs NAO that any of the aggrieved individuals did not receive a check within thirty days (30) of NAO mailing of the check, NAO shall cancel the original check, reissue another check, and submit a copy of the reissued check to the EEOC within ten (10) calendar days.

## VI.     OTHER INDIVIDUAL RELIEF

15.     NAO acknowledges and affirms that because Anda and the aggrieved individuals were never hired by NAO, NAO maintains no employee or personnel files on Anda or any of the aggrieved individuals and affirms that it has no negative documents in its records regarding Anda or the aggrieved individuals.

16.     Within  five (5) business days after the EEOC provides NAO with the list of aggrieved individuals and their contact information, and at the same time that payment checks are issued, NAO will give a letter of apology on company letterhead to Anda and the aggrieved individuals in the form attached as Attachment B.

## VII.  EQUITABLE RELIEF

### A.     *Injunctive Relief*

17.     NAO and its officers, agents, successors, management (including supervisory employees), and other persons in active concert or participation with it are permanently enjoined from engaging in any employment practice which discriminates on the basis of sex.

18.     NAO and its officers, agents, successors, management (including supervisory employees), and all other persons in active concert or participation with it are permanently enjoined from engaging in reprisal or retaliation of any kind against any person because of such person's opposition to any practice made unlawful under Title VII of the Civil Rights Act of 1964.  NAO shall not retaliate against a person because such person makes an internal complaint of discrimination with NAO; because such person files or causes to be filed a charge of discrimination with the EEOC or any other agency charged with the investigation of employment discrimination complaints; because such person's statements serve as the basis of a charge of discrimination; or because such person testifies or participates in the investigation of a charge of discrimination or lawsuit alleging a violation of Title VII.  NAO shall not retaliate in any manner against individuals identified as witnesses in this action or who assisted in the investigation

giving rise to this action. Nor shall NAO retaliate against any person identified as a witness or possible witness of discrimination in future investigations or proceedings related to a charge of discrimination.

**B.     *EEO Policy Review and Revision***

19.     Within thirty (30) days after the date the Court signs this Decree, NAO shall, in consultation with an outside consultant and/or legal counsel experienced in the area of employment discrimination law ("Consultant"), review and revise, if necessary, its EEO policies, including policies related to Title VII and retaliation to conform with the law. NAO shall revise its policies to include, at a minimum:

19.1.   A strong and clear commitment to preventing unlawful discrimination based on sex;

19.2.   A strong and clear commitment to make hiring/promotion decisions based on objective criteria, which will not include an applicant's sex;

19.3.   A clear and complete definition of discrimination based on sex;

19.4.   A statement that discrimination based on sex is prohibited against employees and applicants and will not be tolerated;

19.5.   A clear and strong encouragement of persons who believe that they have been subjected to discrimination based on sex to report such concerns;

19.6.   The identification of specific individuals, with telephone numbers and email addresses, to whom applicants and employees can report concerns about discrimination based on sex;

19.7.   A clear explanation of the steps an applicant or employee can take to report

discrimination based on sex, which much include the options of either an oral or written complaint;

19.8.   An assurance that NAO will investigate allegations of any activity that might be construed as unlawful discrimination based on sex, and that such investigation will be prompt, fair, and reasonable, and conducted by a neutral investigator specifically trained in receiving, processing, and investigating allegations of discrimination based on sex;

19.9.   An assurance that appropriate corrective action will be taken by NAO to make victims whole and to eradicate the unlawful conduct within its workforce;

19.10. A description of the consequences, up to and including termination, that will be imposed upon violators of NAO's policies against discrimination based on sex;

19.11. A promise of maximum feasible confidentiality for persons who report unlawful discrimination based on sex or who participate in an investigation into allegations of discrimination based on sex; and

19.12. An assurance of non-retaliation for persons who report unlawful discrimination based on sex and for witnesses who provide testimony or other assistance in the investigation(s) of such alleged discrimination.

20.   Within thirty (30) days after completion of the policy review and revision under Paragraph 19 above, NAO's written EEO policies shall be posted in a prominent location frequented by employees at each of NAO's facilities, included in any employee handbook, and distributed to each current employee. The written EEO policies shall also

be distributed to all new employees.

**C.      Training**

21.      On an annual basis, NAO shall train all of its personnel on the federal laws prohibiting discrimination based on sex. All training under this Paragraph shall be at NAO's selection and expense.  The training will be conducted as follows:

>  21.1.   **Non-managerial Employees:**  Each year for the duration of this Decree, NAO will provide non-managerial employees at least two (2) hour of training on the federal laws prohibiting discrimination based on sex, their protections against discrimination, and methods for making complaints of discrimination. The training should also emphasize that every employee should report any behavior he or she witnesses that the employee believes to be discriminatory, regardless of who is engaged in the behavior and at whom the behavior is directed. Training shall be by live presentation or interactive webinar by an outside vendor with experience in the federal laws prohibiting discrimination based on sex

>  21.2.   **Supervisory and Managerial Employees:**  For the first year after the entry of this Decree, NAO will require all individuals who work in a managerial or supervisory capacity for NAO to receive six (6) hours of training on Title VII and other federal anti-discrimination laws. . NAO will provide an additional three (3) hours  of online, interactive, web-based training on these topics by an outside vendor with experience in the federal laws prohibiting discrimination based on sex for the foregoing individuals/positions on an annual basis for the duration of the Agreement.  Half of these hours must directly address discrimination based on sex

and retaliation.  The training must also cover proper methods for receiving,

handling, and investigating (where applicable) complaints of discrimination. In

addition, the training must cover proper methods for interviewing and selecting

candidates.  In each of these training sessions, NAO shall emphasize with

managerial and supervisorial employees that due to their positions of power, such

employees (a) must be particularly vigilant not to discriminate; (b) must be

sensitive of how their actions or words might be perceived by applicants and

subordinate employees; and (c) must avoid the temptation to retaliate against an

applicant or employee because a complaint is made, or might be made, against

them.  Additionally, NAO will require employees who are newly hired or recently

promoted into a managerial or supervisory position to complete the requisite 6

hours of training for that year within thirty (30) days of being hired or promoted.

The allocated training time may also include bystander intervention training or

workplace civility training.

21.3.   An agenda for the training, training materials, and the resumes relating to

the presenters, will be provided to the EEOC thirty (30) days before each training

session.  NAO agrees that the first such training session will take place within

ninety (90) days after the Court's entry of this Decree. NAO agrees that all of its

personnel shall both register and attend the training sessions.

22.   At its discretion, the Commission may designate one or more Commission

representatives to attend any of the training sessions described above, and the

Commission representatives shall have the right to attend, observe, and fully participate

in all of the sessions.  NAO shall provide the Commission with ten (10) days' notice that a training session will be conducted.  Alternatively, NAO may provide a comprehensive schedule of trainings planned for the year or for a number of months if such is more convenient.

***Posting to Employees***

23.    In all of its facilities, NAO shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30

24.    Within ten (10) business days after the Court's entry of this Decree, NAO Medical shall post in each of its facilities, in a conspicuous place frequented by employees, the Notice attached as Attachment C to this Decree.  The Notice shall remain posted for the duration of this Decree.  If the Notice becomes defaced or illegible, NAO will replace it with a clean copy. NAO shall certify to the Commission, in writing, within ten (10) days of entry of this Decree that the Notice has been properly posted and shall provide recertification in each of the semi-annual reports required under the Reporting provisions of this Decree.

## VIII. RECORDKEEPING AND REPORTING

25.    For the duration of this Decree, NAO shall maintain all records concerning implementation of this Decree, including, but not limited to, all of the following:

25.1.   Records reflecting all of NAO's hiring decision during the term of this Decree. This includes all applications, resumes, correspondence, interview notes, internal e-mails regarding the positions, and any other documents generated by applicants or NAO related to the filling of a NAO vacancy.

25.2.   Records reflecting all oral and written complaints of discrimination made by employees or applicants, and all of the records documenting the investigation of such complaints, including applicable witness statements, documents compiled during the investigation, any conclusions and findings, and any corrective remedial actions taken; and

25.3.   Records reflecting the public placement of the postings of the EEO and Title VII policies, as expressed in Paragraph 20.

26.     NAO shall also comply with all recordkeeping obligations under the law prohibiting discrimination.

27.     NAO shall provide annual reports for each twelve (12) month period following the entry of this Decree.  The reports shall be due thirty (30) days following the respective twelve-month period, except the final report which shall be submitted to the Commission six (6) weeks prior to the date on which the Decree is to expire.

28.     **Requirements:** Each report required under Paragraph 27 shall provide the following information:

28.1.   **Complaints of Discrimination**

28.1.1. The report shall include the following information for each complaint of discrimination in the reporting period:

28.1.1.1.   The name, address, email address, and telephone number of each person making a complaint of discrimination to NAO or to any federal, state, or local government agency;

28.1.1.2.   The name, address, email address, and telephone number of each

person identified as a potential witness and/or victim to the incident referred to in a complaint of discrimination;

28.1.1.3.  A brief summary of each complaint of, including the date of the complaint, the name of the individual(s) who allegedly engaged in the discrimination, NAO's investigation and response to the complaint, the name of the person who investigated or responded to the complaint, and what, if any resolution was reached; and

28.1.1.4.  Copies of all documents memorializing or referring to the complaint, investigation, and/or resolution thereof.

28.1.1.5.  For purposes of this Paragraph, the term "complaint of discrimination" includes any written or verbal complaint, formal or informal, which alleges discrimination based on sex, race, national origin, color, religion, disability, genetics, or age, even if the complainant does not use legal or technical terminology.

28.2.  **Training**

28.2.1. The report shall include the following information for each training program required under this Decree conducted during the reporting period:

28.2.2. A registry of attendance and/or certificates of completion;

28.2.3. The identity and contact information of the consultant and/or vendor who provided the training; and

28.2.4. A copy of the program agenda and any written materials provided during the training and/or any PowerPoint presentations used.

28.3.  **Posting of Notice**

28.3.1.  In each report, NAO shall recertify to the Commission that the Notice required to be posted under this Consent Decree has remained posted during the reporting period, or, if removed, was promptly replaced.

28.4.  **Recordkeeping**

28.4.1.  In each report, NAO shall report on the creation and/or revision of any recordkeeping policies or practices required by this Decree.

## IX.  RETENTION OF JURISDICTION AND ENFORCEMENT OF DECREE

29.    This Court shall retain jurisdiction of this cause for purposes of compliance with this Decree and entry of such further orders or modifications as may be necessary or appropriate to effectuate equal employment opportunities for employees.

30.    There is no private right of action to enforce the Parties' obligations under the Decree and only the Commission, or its successors or assigns, may enforce compliance with this Decree.

31.    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action.  Should the Court determine that NAO has not complied with this Decree, appropriate relief, including extension of this Decree for such period as may be necessary to remedy its non-compliance, may be ordered.

## X.  EEOC AUTHORITY

32.    With respect to matters or charges outside the scope of this Decree, this Decree shall in no way limit the powers of the Commission to seek to eliminate employment

practices or acts made unlawful by any of the statutes over which the EEOC has enforcement authority, and which do not arise out of the claims asserted in this lawsuit.

33.     The EEOC may review NAO's compliance with the aforementioned provisions of this Decree during the term of this Decree upon written notice to NAO's attorney of record at least ten (10) business days in advance of any inspection of NAO's documents or premises.  Upon such notice, NAO shall allow representatives of the EEOC to review its compliance with this Decree by inspecting and photocopying relevant, non-privileged documents and records, interviewing employees and management officials on its premises, and inspecting its premises.

## XI.  COSTS AND ATTORNEY'S FEES

34.     Each party shall be responsible for and shall pay its own costs and attorney's fees.

## XII.  NOTICE

35.     Unless otherwise indicated, any notice, report, or communication required under the provisions of this Decree shall be sent by certified mail, postage prepaid, as follows

Mary Jo O'Neill
EEOC Phoenix District Office
3300 N. Central Ave Suite 690
Phoenix, AZ 85012

## XIV.  SIGNATURES

36.     The Parties to this Decree agree to the entry of this Decree subject to final

approval by the Court.

SO, ORDERED this 4th day of October, 2019.


BY THE COURT:


_David G. Campbell_

David G. Campbell
Senior United States District Judge

BY CONSENT:


Equal Employment Opportunity
Commission                                         Northern Arizona Orthopedics

By:   _____
        Mary Jo O'Neill                          By:   _____
        Regional Attorney                              [Eamon Mahoney, MD]


Date:  _____           Date:  _____


APPROVED AS TO FORM:


_____
Michael Baskind
Trial Attorney
EEOC Phoenix District Office
3300 N. Central Ave Suite 690
Phoenix, AZ 85012
Attorney for Plaintiff EEOC


_____
Erica Rocush
Lewis Brisbois Bisgaard & Smith LLP
2929 North Central Avenue
Suite 1700
Phoenix, AZ 85012

**ATTACHMENT A**

Release

      In consideration for $[insert number] paid to me by Northern Arizona Orthopedics, in connection with the resolution of *EEOC vs. Northern Arizona Orthopedics*, Case No. 3:19-cv-DWL, I waive my right to recover for any claims of sex discrimination and retaliation arising under Title VII that I had against Northern Arizona Orthopedics prior to the date of this release and that were included in the claims alleged in EEOC's complaint in *EEOC vs. Northern Arizona Orthopedics*, Case No. 3:19-cv-DWL.

Date: _____                    Signature: _____

**ATTACHMENT B**

**<u>LETTER OF APOLOGY</u>**

Dear [Insert Name],

    We want to apologize to you for the treatment you received when you applied for a job at NAO. We regret how you were treated, and we want you to know that we intend to do better in the future. We will make sure that every applicant and employee is treated fairly and respectfully and not on the basis of their sex.

Signed:    _____

        [insert title]

**ATTACHMENT C**

**<u>NOTICE TO EMPLOYEES</u>**

The following notice is being posted pursuant to the terms of a Consent Decree between the EEOC and Northern Arizona Orthopedics Limited filed in the United States District Court for the District of Arizona, Civil Action No. 3:19-cv-08259-DWL.

Management of NAO emphasizes the company's policy of providing equal employment opportunity in all of its operations and in all areas of employment.  NAO will work to make sure that there will be no discrimination based on sex, including retaliation, against any employee or applicant. NAO will also work to make sure that there will be no discrimination against any employee or applicant on the grounds of religion, sex, national origin, disability, or age.

Any applicant or employee who believes that he/she has suffered discrimination on the basis of disability, age, race, color, religion, sex, pregnancy, national origin, or retaliation, or has a question about this Consent Decree has the right to contact the EEOC directly at:

> United States Equal Employment Opportunity Commission
> Phoenix District Office
> 3300 North Central Avenue
> Phoenix, AZ, 85012; Suite 690
> Intake Information Group: (800) 669-4000
> Phoenix Status Line: (602) 640-5000
> Website:  www.eeoc.gov

In compliance with federal law, no official at NAO will retaliate against an applicant or employee who makes an internal complaint of discrimination or who contacts the EEOC or its state counterpart.

**THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE.**
This Notice shall remain posted for the term of 4.5 years.

By:_____  ____Date:

**CONFIDENTIAL FRE 408 SETTLEMENT**

Mary Jo O'Neill
EEOC Phoenix District Office
3300 N. Central Ave Suite 690
Phoenix, AZ 85012

## XIV. SIGNATURES

**36.** The Parties to this Decree agree to the entry of this Decree subject to final

approval by the Court.


SO ORDERED this _____ day of _____, 2019.

BY THE COURT:


_____

David G. Campbell
United States Judge


BY CONSENT:

Equal Employment Opportunity
Commission                                    Northern Arizona Orthopedics

By: _____              By: _____
Mary Jo O'Neill                                   Eamon Mahoney, MD
Regional Attorney


Date: _9/26/19_____                       Date: _9/24/19_____


APPROVED AS TO FORM:

_____

Michael Baskind
Trial Attorney
EEOC Phoenix District Office

3300 N. Central Ave Suite 690
Phoenix, AZ 85012
Attorney for Plaintiff EEOC

Erica Rocush
Lewis Brisbois Bisgaard & Smith LLP
2929 North Central Avenue
Suite 1700
Phoenix, AZ 85012